[Civ. No. 507. Second Appellate District.—September 14, 1908.]

JAMES MACKEL and ALICE MACKEL, Appellants, v. M. J. NOLAN and G. A. SMITH, Partners, etc., and D. A. COLE, Respondents.

ACTION TO ENFORCE TRUST IN LAND—ABSENCE OF FIDUCIARY RELATIONS —REFUSAL OF PLAINTIFFS TO PURCHASE—SUPPORT OF FINDINGS.— An action to enforce a trust in land purchased by one of the defendants, and sold to another, cannot be sustained, where findings, supported by evidence, show that there were no continuing fiduciary relations between the parties, that plaintiffs' proposition for an exchange of lands for the property in question was fairly communicated by defendants to the owner, who declined the proposition; and submitted a counter-proposition to plaintiffs, which they declined to accept or to proceed further in the matter; and that that transaction was fully closed before the defendant purchased the property.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial. Waldo M. York, Judge.

The facts are stated in the opinion of the court.

R. L. Horton, for Appellants.

Percy R. Wilson, and W. W. Middlecoff, for Respondents.

TAGGART, J.—This is an action to have certain real property declared to be held in trust, and for a decree requiring the conveyance thereof by defendants to plaintiffs, on the grounds that the former acquired such property as agents of the latter and withheld it in violation of their trust.

Judgment was for defendants and plaintiffs appeal from the judgment and from an order denying their motion for a new trial. Without passing upon respondents' objection to the record on the motion for a new trial, we will consider both appeals upon the merits.

The theory of plaintiffs' cause of action is that defendants occupied a fiduciary relation to them, and that the confidence arising from such relation was violated and the trust betrayed by defendants by the purchase of a certain lot of land in the city of Los Angeles, as to which plaintiffs had undertaken to enter into negotiations to purchase from the owner, through the defendants. The confidential relations growing out of the transaction itself are sought to be strengthened by allegations of continuous dealings with and exclusive reliance of plaintiffs on defendants for information and advice in respect to all transactions in real estate in which plaintiffs had engaged for a series of years, etc.

The court finds that the defendants had not acted as the exclusive agents, and had not at any time acted as general or other advisers of plaintiffs in their business affairs; that plaintiffs had confidence in the defendants, but such confidence was not reposed in defendants as agents of plaintiffs, but was because defendants had at all times dealt fairly and justly with the plaintiffs. In respect to the particular transaction in question, the court finds that defendants were acting as agents for the owner of the property here involved when plaintiffs made application to purchase it; that defendants communicated to the owner in good faith the proposition of exchange made by plaintiffs, which was refused, and brought a counter-proposition from the owner to plaintiffs, which the latter refused to accept, and that plaintiffs declined to proceed further with relation to the purchase of said lot 16, block "B" (the property in question). That thereafter defendant Nolan purchased the lot and had it conveyed to the defendant D. A. Cole.

This finding is fully supported by the testimony of the defendant, M. J. Nolan, and the trial judge appears to have accepted the testimony as true. We cannot go behind this. It is unnecessary to cite authorities to sustain a judgment in favor of defendants upon these findings. They show that no continuing fiduciary relations existed between the parties from which a duty from defendants to plaintiffs could be implied; and also, that if defendants were acting as their agents in making an exchange of property, the negotiations which had been undertaken upon behalf of plaintiffs were completed before the defendant Nolan purchased the property. We find nothing upon which to base a reversal of the judgment.

Judgment and order affirmed.

Allen, P. J., and Shaw, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on November 12, 1908.